# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PLASTIC INVENTIONS AND PATENTS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. _____ |
| JS LED TECHNOLOGY CORPORATION, | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Plastic Inventions and Patents, Inc. (**"Plaintiff"** or **"PIP"**), for its Complaint against Defendant, JS LED Technology Corporation (**"Defendant"** or **"JS LED"**), states:

### PARTIES AND JURISDICTION

1. PIP is a Louisiana corporation, with its principal place of business located in New Orleans, Louisiana.

2. JS LED is a California corporation, with its principal place of business located in Baldwin Park, California.

3. This Court properly exercises personal jurisdiction over JS LED, both generally and specifically, because JS LED has sold products in this judicial district that infringe upon PIP's patents, and because JS LED otherwise has a substantial connection with and has purposefully availed itself of the benefits of the State of Louisiana.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and/or 1400(b) because a substantial part of the events giving rise to PIP's claims occurred in this district, JS LED is subject to the Court's personal jurisdiction with respect to this action, and

JS LED resides within this district within the meaning of 28 U.S.C. § 1400(b) in that it is subject to the Court's personal jurisdiction.

5.     Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  Subject matter jurisdiction is further proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action asserts a claim for patent infringement in violation of 35 U.S.C. § 271, *et seq.*

## FACTS COMMON TO ALL COUNTS

### PIP's Patent

6.     On or about October 3, 2006, U.S. Patent No. 7,114,830 ("**the '830 Patent**") was issued to PIP for an invention generally relating to an LED (light emitting diode) lighting device to be used as a replacement for conventional fluorescent tube lighting.

7.     LED lighting provides several advantages as compared to conventional fluorescent lighting, including lower power consumption, lower cost of operation, lower heat production, and greater longevity.  The '830 Patent combines the advantages of LED lighting with the ease of use of conventional fluorescent lighting by providing "drop-in" replacement lighting units for fluorescent lighting tubes.

8.     PIP owns and has owned the '830 Patent throughout the period of JS LED's infringing acts as described herein.

### JS LED's Infringing Activities

9.     On information and belief, JS LED owns and operates the website www.jsledpower.com (the "**JS LED Website**").  Through the JS LED Website and otherwise,

including upon information and belief through its network of distributors in various locations throughout the nation, JS LED has offered for sale and has sold LED replacements for fluorescent tube lighting that infringe one or more claims of the '830 Patent.

10. For example, the JS LED model JE-T8-4C15 infringes Claim 1 of the '830 Patent because it is a replacement lighting unit comprised of a hollow, rigid, translucent tube containing a plurality of LEDs within the tube and containing a reflective coating circumferentially about at least a portion of the tube.

11. Like the invention described in the '830 Patent, the JS LED Website boasts that the JE-T8-4C15 (along with other LED replacement lights that JS LED sells) emits a "higher brightness at a much lower cost," enjoys an "extended life" with "very little heat output" and "saves much more energy than conventional fluorescent T8 light tubes." (See www.jsledpower.com/images/t8/t8.pdf.)

12. Upon information and belief, the JS LED models JE-T8-2C08, JE-T8-2C10, and JS-T8-4C18 likewise infringe upon Claim 1 of the '830 Patent, among other Claims and possibly among other light models.

**Notice to JS LED**

13. At least as early as March of 2013, JS LED knew of the existence of the '830 Patent. The letter attached as Exhibit 1, which is incorporated herein by reference, was mailed to JS LED on or about March 18, 2013 and was received by JS LED some time prior to March 27, 2013.

## COUNT I – PATENT INFRINGEMENT

14. PIP incorporates the allegations contained in all preceding paragraphs as if fully set forth herein.

15. As described in further detail above, JS LED has infringed and is still infringing the '830 Patent by making, selling, and/or using LED replacement lights for fluorescent tube lighting, including without limitation JS LED model JE-T8-4C15 and, upon information and belief, models JE-T8-2C08, JE-T8-2C10, JS-T8-4C18, perhaps among other devices, which utilize the invention claimed in the '830 Patent.

16. JS LED's conduct has damaged and will continue to damage PIP.

17. Upon information and belief, JS LED's infringement is and has been in willful disregard of PIP's patent rights, making this case exceptional under 35 U.S.C. § 285.

18. PIP will suffer further damages and irreparable injury unless and until JS LED is enjoyed from continuing such infringement.

### Prayer for Relief

WHEREFORE, PIP respectfully requests a judgment against JS LED and an Order granting the following relief:

A. A declaration that JS LED has infringed the '830 Patent;

B. Injunctive relief preliminarily and permanently enjoining JS LED and all others acting in concert with it and having notice of the order from further acts infringing the '830 Patent, including making, importing, using, selling, offering for sale, inducing the use of, and/or contribution to the use of all products, methods and/or systems found to infringe the '830 Patent;

4

    C.    An accounting of JS LED's profits resulting from the sales of its products infringing the '830 Patent;

    D.    An award of patent infringement damages and pre-judgment interest pursuant to 35 U.S.C. § 284;

    E.    An award trebling damages for willful patent infringement pursuant to 35 U.S.C. § 285, and an award of reasonable costs and attorneys' fees; and

    F.    Such other and further relief as the Court deems just and proper.

### Jury Trial Demanded

PIP respectfully demands a trial by jury on all issues so triable.

Respectfully Submitted,

Date: June 19, 2013    By: */s/ Greg Latham*_____
Gregory D. Latham (La. Bar. #25955)
Intellectual Property Consulting
201 St. Charles Ave.
New Orleans, LA 70170
glatham@iplawconsulting.com
Telephone: (504) 322-7166
Fax: (504) 322-7184


Mark L. Brown
SL CHAPMAN LLC
330 North Fourth Street
Suite 330
St. Louis, Missouri 63102
MarkB@SLChapman.com
Telephone: (314) 588-9300
Fax: (314-588-9302

(*Pro Hac Vice* Motion to Be Filed)

*Counsel for Plaintiff*,
*Plastic Inventions and Patents, Inc.*